**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GRACE COMMUNITY CHURCH, et al.,

                    Plaintiffs,

                                                    CASE NO. 07-CV-14674

-vs-

                                                    PAUL D. BORMAN
LENOX TOWNSHIP, et al.                               UNITED STATES DISTRICT JUDGE

                    Defendants.

_____ /

<u>**AMENDED OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO STAY**</u>[1]

        The matter before the Court is Plaintiffs' Grace Community Church and Beth Oakley's

("Plaintiffs"), February 26, 2008 Motion to Stay.  (Dkt. No. 33).  Both Defendant Michael Odrodina

and Defendants Lenox Township, Lenox Township Planning Commission, Karen Turchi, and Lou

Iannelli filed their Responses on March 26, 2008.

        A hearing on this matter was held on July 17, 2008.  For the following reasons, the Court

GRANTS Plaintiffs' Motion to Stay.

**I.      BACKGROUND**

        **A.      *Grace I***

        On August 7, 2006, Plaintiff Grace Community Church first brought suit against Lenox

Township alleging violations under the Religious Freedom Restoration Act, 42 U.S.C. 2000bb *et*

*seq.*, the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000 *et seq.*

("RLUIPA"); and Equal Protection.

        On August 31, 2007, the Court granted Defendant Lenox Township's Motion for Summary

_____

        [1]      The Court amends this Opinion and Order such Plaintiffs are accurately identified
as filing a Cross-Motion for Summary Judgment.

Judgment based on its determination that Plaintiff's claim was unripe. *See Grace Community Church v. Lenox Township*, No. 06-13526, 2007 WL 2533884 (E.D. Mich. Aug. 31, 2007) (unpublished) ("*Grace I*"). The Court subsequently denied Plaintiffs' Motion for a Rehearing. *Grace I*, No. 06-13526, 2007 WL 3244898 (E.D. Mich. Nov. 2, 2007) (unpublished).

The Court set forth the pertinent background of the dispute in its Opinion and Order granting Summary Judgment of the first action, stating:

> Plaintiff Grace Community Church ("Plaintiff") is a Michigan ecclesiastical corporation. Plaintiff is lead by Pastor William Pacey, an ordained minister. Defendant Lenox Township ("Defendant") is a municipal corporation located in Macomb County, Michigan. According to Plaintiffs, Defendant has enacted zoning ordinances to control land use activities within its corporate limits.

> Plaintiff's mission is to serve all people, but especially those with emotional problems and those who do not fit into the normal church setting. In 2000, Plaintiff decided to establish a residential home which would provide counseling and support for people in need. This included assisting those who abuse alcohol and drugs, as well as people with anger management issues. The first facility was set up in the Village of New Haven and housed four men. Eventually, five new homes were added to the program, including a home for women. It is Plaintiff's belief that emotional problems, as well as drugs and alcohol problems, were systematic of the "lack fo Christ" with a person. Until that person "found Christ," the symptoms would continue. Thus, Plaintiff focuses on teaching those individuals in the residential program to have a personal relationship with God.

> Plaintiff purchased the property at issue, a former Catholic Monastery, in order to expand its residential facility and consolidate all of its operations under one roof. Plaintiff applied for a special land use permit ("SUP") for the property to establish a church and residential facility, named the Christian Discipleship Center ("CDC"). The application was made for the appropriate SUPs to allow Plaintiff to run a church and the CDC. Plaintiff appeared before the Lenox Township Planning Commission ("Planning Commission") a number of times in pursuing its permits. On April 7, 2005, Pacey wrote to the Planning Commission and described the CDC program as classroom type activities and occasional sports, such as volleyball. On June 27, 2005, the Planning Commission approved the Plaintiff's church SUP and discussed limiting the CDC SUP to ten to fifteen individuals with no drug or alcohol problems. On July 25, 2005, the Planning Commission noted that it had not approved the CDC SUP due to lack of information from Pacey. At that meeting Pacey informed the Planning Commission that there would be no alcohol or narcotic anonymous

meetings held at the facility.

On July 27, 2005, Defendant's General Counsel Terry Welch sent a letter to the Planning Commission recommending approval of the CDC SUP based partly on Pacey's assurances that he would sign an Affidavit that the project would not be used as a halfway house and would not be used for drug or alcohol rehabilitation. Welch also only recommended approval with strict conditions. The restrictions included that the facility could never be sued as a halfway house or to house persona undergoing alcohol and/or drug rehabilitation, that no more than fifteen people in residence, that all residents are pre-screened prior to acceptance, and that if any terms and conditions of the SUP are breached, then it reserves the right to revoke the SUP. The Planning Commission approved the CDC SUP with the conditions listed in Welch's July 27, 2005 letter on August 22, 2005.

In September 2005, Defendant revoked any permits given for the residential facility and prohibited Plaintiff from operating the CDC on the premises. Defendant claims that the CDC SUP was revoked when the Planning Commission was revoked when the Planning Commission was presented evidence that Plaintiff was operating a drug and alcohol rehabilitation center at the site, an action contrary to statements made by Pacey at prior Planning Commission meetings. Plaintiff contends that the CDC SUP was revoked on the mistaken belief that drug and alcohol counseling occurred on the site.

*Grace I*, No. 06-13526, 2007 WL 2533884, *1-2 (E.D. Mich. Aug. 31, 2007) (unpublished) (internal citations to the record omitted).

On September 24, 2007, the Planning Commission heard from Pacey who indicated again on the record that no drug and alcohol counseling would occur on the property. (Compl. ¶ 41). The Planning Commission did not make a decision as to whether to approve Plaintiffs' SUP. (*Id*.). At the October 22, 2007 Planning Commission meeting, the Planning Commission set forth certain conditions that had to be met before the it would approve Plaintiffs' SUP. (*Id*. ¶ 43). At the conclusion of the hearing, the Planning Commission again did not decide whether to approve the SUP application. (*Id*. ¶ 44).

On November 16, 2007, Plaintiff Grace Community Church appealed the denial of their Motion for Reconsideration to the Sixth Circuit Court of Appeals.

### B.    Instant Action, *Grace II*

The instant action was filed on October 31, 2007. ("*Grace II*"). Plaintiffs Grace Community Church and Beth Oakley, a member, volunteer, and past resident of the CDC, filed the action against Defendants Lenox Township, Lenox Township Planning Commission, Karen Turchi, Lou Iannelli and Mike Odrobina. Plaintiffs' Complaint alleges that during the oral argument for the aforementioned Motion for Summary Judgment and Motion to Compel, Defendants' represented that the only issue keeping the Planning Commission from approving Plaintiffs' SUP was concern regarding drug and alcohol counseling. (*Id*. ¶ 37). Plaintiffs allege in their Complaint that because Defendants have failed to grant Grace Community Church a SUP, Defendants are deliberately dragging their heels to force Grace Community into bankruptcy. (*Id*. ¶ 45).

Plaintiffs allege in the instant action: (1) Mandamus and Superintending Control; (2) 28 U.S.C. §1983; (3) Violation of Michigan Constitutional Rights; (4) RLUIPA, 42 U.S.C. § 2000 *et seq*.; (5) Fair Housing Act, 42 U.S.C. § 3604; (6) Defamation against Defendant Michael Odrobina only; and (7) Civil Conspiracy.

At motion hearing on December 20, 2007, the Court denied Plaintiffs' Motion for Temporary Restraining Order/Preliminary Injunction.

On February 22, 2008, Magistrate Judge Virginia Morgan granted Defendant Michael Odrobina's Motion to set aside Clerk's entry of default. Four days later, Plaintiffs filed the instant Motion to Stay.

Subsequently, on April 28, 2008, Defendant Odrobina filed a Motion for Summary Judgment. On May 14, 2008, Plaintiffs filed a Cross-Motion for Summary Judgment. Plaintiffs then filed a Motion for Order seeking this Court certify that only two building code requirements

that need to be satisfied such that Plaintiffs can receive funds from Community Central Bank. These Motions are pending.

## II.    ANALYSIS

### A.    Legal Standard

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants." *Landis v. North America Co.*, 299 U.S. 248, 254-55 (1936). A party which seeks to stay proceedings "must make out a clear case of hardship or inequity in being required to go foreword, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Id.* As a result, the "burden is on the party seeking the stay to show that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Ohio Environmental Council v. United States District Court*, 565 F.2d 393, 396 (6th Cir. 1977). The Sixth Circuit has found the decision to stay "ordinarily rests with the sound discretion of the District Court." *Id.*

### B.    Motion to Stay

Plaintiffs contend that the Court should stay the instant action for the reason that it is "intertwined" with the earlier case and that "*Grace II* is simply *Grace I* with additional defendants and causes of actions." (Plfs. Reply at 5). Plaintiffs further argue that the only issue as to Defendants are damages, rather than liability as Defendants Lenox Township, Lenox Township Planning Commission, Karen Turchi and Lou Iannelli, and also Defendant Michael Odrobina have admitted their "errors" though changing their positions and admissions. (Plf. Mot. ¶ 40).

Plaintiffs argue that two of the issues on appeal in the earlier case are central to the damages

claims in the instant case:  whether Grace Church was required to exhaust administrative remedies to pursue a RLUIPA claim; and whether this Court erred in dismissing Grace Church's Equal Protection Claim.  (*Id*. ¶ 41).  Plaintiffs aver that the legal issue of when Plaintiffs' claims arose needs to be resolved before the Court can accurately determine that Township Defendant's rights and liabilities.  Plaintiffs also contend that they will suffer hardship if the Court does not stay the instant action, because they may be forced to litigate the same issues twice.

Defendants Lenox Township, Lenox Township Planning Commission, Karen Turchi and Lou Iannelli ("Township Defendants") argue that Plaintiffs have failed to meet their burden in showing that there is pressing need for a delay, and that neither the other party nor the public will suffer harm from a stay of the proceedings.  The Township Defendants aver that Plaintiffs motion is without merit because on its face it contains a new Plaintiff and three new Defendants which were not named in *Grace I*.  Further, Plaintiffs have alleged new claims against the Township Defendants which were not present in *Grace I*.  Finally, the Township Defendants note that Plaintiffs are under the mistaken belief that all that remains to be litigated are damages; the Township Defendants contend that no liability has been admitted and all issues remain to be litigated.

Defendant Michael Odrobina ("Defendant Odrobina") filed his response separately.  Defendant Odrobina argues that Plaintiffs cannot sustain their burden, and further Plaintiffs' current position is unsupportable given its pursuit of an entry of default against Defendant Odrobina.

Although it is clear from the face of the suit that there are different parties on both sides and new claims asserted, there exists a commonality of facts and legal questions between *Grace I* and *Grace II*.  Specifically, Plaintiffs have asserted a RLUIPA claim in the instant action similar to the RLUIPA claim alleged in *Grace I* and on appeal to the Sixth Circuit.  In the current action, the

6

Township Defendants have asserted the same defense as in Grace I; that Plaintiffs' RLUIPA claim should fail because Plaintiffs did not exhaust its administrative remedies. The viability of this exact defense is on appeal in *Grace I*. The Court finds that to continue the adjudication of *Grace II*, that will involve adjudicating the same issue again before the Sixth Circuit renders an opinion on this issue, may result in duplicative litigation and the expense of unnecessary judicial resources and time in the process. Therefore, Plaintiffs have met their burden to show there is a pressing need for delay.

Further, there is no evidence that the Township Defendants or Defendant Odrobina will suffer from any hardship from the delay, outside of the mere fact of having the adjudication of the claims against them decided at a later date. Nor has there been any argument that the public would suffer from a stay in the instant action, where duplicative litigation can be avoided.

## III.    CONCLUSION

For these reasons, the Court **GRANTS** Plaintiffs' Motion to Stay. (Dkt. No. 33).

**SO ORDERED**.


s/Paul D. Borman_____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: July 23, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on July 23, 2008.


s/Denise Goodine_____
Case Manager